IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BRIAN SMITH                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:25-CV-60-SA-JMV

WELLS FARGO BANK, N.A.                                                                 DEFENDANT

ORDER

On January 24, 2025, Brian Smith initiated this lawsuit by filing his *pro se* Complaint [2]

against Wells Fargo in the Chancery Court of Marshall County, Mississippi. Wells Fargo removed

the case to this Court, premising federal jurisdiction on diversity of citizenship. After removing

the case, Wells Fargo filed a Motion to Dismiss [6]. Smith filed an untimely Response [10] on

April 3, 2025. The Court is prepared to rule.

Smith's allegations relate to a mortgage he executed with Community Mortgage

Corporation on July 9, 2014. In his Complaint [2], Smith avers that Community Mortgage

transferred his mortgage to Wells Fargo. He goes on to allege that he "has not yet received the

goods or services as contracted. Despite being led to believe that the mortgage was properly

transferred, the loan was not delivered as stipulated in the Contract." [2] at p. 1.

In the "Statement of Claim" section of his Complaint [2], Smith includes the following

allegations:

> 1. Breach of Contract: Defendant has breached the mortgage agreement(s) by failing to provide the goods or services as required. Plaintiff was not given any of the goods or services, and as such, the contract was never fulfilled. Defendant's breach has caused Plaintiff damages.
>
> 2. Holder in Due Course: Defendant claims to hold the Contract as an assignee of Community Mortgage Corporation. However, Defendant fails to meet the

> requirements of a Holder in Due Course as it had prior
> knowledge of Plaintiff's claims regarding the non-delivery
> of the promissory note. This prevents Defendant from using
> Holder in Due Course protections under the Uniform
> Commercial Code.

*Id*. at p. 2.

In addition to alleging breach of contract, Smith's Complaint [2] also makes reference to unfair trade practices.

As noted previously, Wells Fargo has filed a Motion to Dismiss [6]—it seeks dismissal of Smith's claims in their entirety.

*Motion to Dismiss Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., 129 S. Ct. 1937.

Ultimately, the district court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the reviewing court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937.

*Analysis*

Wells Fargo seeks dismissal of both claims. In large part, its position is that Smith's allegations fall below the applicable pleading standard for asserting a plausible claim for relief.

Stated concisely, Wells Fargo's contentions are correct. Although Smith makes general references to causes of action, such as breach of contract and unfair trade practices, he provides no factual allegations to support those legal conclusions. For instance, he alleges that Wells Fargo has "failed to provide goods and services as required" but provides no explanation as to the goods and services to which he refers. [2] at p. 2. Notably, in his Response [10], Smith makes references to the Mississippi Consumer Protection Act, the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act. None of these causes of action were referenced in Smith's Complaint [4].

Frankly, the factual predicate for Smith's causes of action is completely unclear, and the Court is unable to fully analyze the substance of his claims. In other words, Smith's Complaint [2] fails to state a plausible claim for relief. However, recognizing Smith's *pro se* status and the fact that he apparently intends to pursue some claims beyond the scope of his Complaint [4], the Court finds it appropriate to provide him one opportunity to file an amended complaint that adequately asserts all claims for relief which he intends to seek and adequately links factual predicates to those claims. *See*, *e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to *pro se* litigants.").

Smith shall have fourteen (14) days to properly plead his claims via an amended complaint.

*Conclusion*

For the reasons set forth above, Wells Fargo's Motion to Dismiss [6] is DENIED *without prejudice*. Smith shall have fourteen (14) days to file an amended complaint. If Smith fails to do

so, the Court will dismiss the claims *with prejudice* and *without further notice*. If it desires to do so, Wells Fargo may file a renewed motion to dismiss if/when Smith files an amended complaint.

SO ORDERED, this the 9th day of April, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE