IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BRIAN SMITH                                                                          PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:25-CV-60-SA-JMV

WELLS FARGO BANK, N.A.                                                    DEFENDANT

ORDER AND MEMORANDUM OPINION

On January 24, 2025, Brian Smith initiated this lawsuit by filing his *pro se* Complaint [2] against Wells Fargo in the Chancery Court of Marshall County, Mississippi. Wells Fargo removed the case to this Court, premising federal jurisdiction on diversity of citizenship.

After removing the case, Wells Fargo sought dismissal, arguing that Smith's Complaint [2] failed to state a plausible claim. On April 9, 2025, the Court entered an Order [12], wherein it acknowledged the pleading inadequacies that Wells Fargo had raised but, recognizing Smith's *pro se* status, provided him an opportunity to file an amended complaint.

On April 28, 2025, Smith filed an Amended Complaint [14]. Wells Fargo then filed a renewed Motion to Dismiss [15], asserting that Smith's Amended Complaint [14] still failed to state a plausible claim. That Motion [15] has been fully briefed and is ripe for review. The Court, having considered the parties' filings and the applicable authorities, is prepared to rule.

*Factual Background*

Generally speaking, Smith's allegations pertain to a deed of trust and promissory note that he executed with Community Mortgage Corporation involving real property located in Marshall County, Mississippi. Smith executed the deed of trust and promissory note on July 9, 2014.

The deed of trust was eventually assigned to Wells Fargo via a Corporate Assignment of Deed of Trust, which was filed in the Marshall County land records on August 26, 2024. Smith

takes issue with this assignment. He contends that the Corporate Assignment of Deed of Trust is invalid because it was notarized by an individual who is a Minnesota-commissioned notary—not a Mississippi-commissioned notary. He alleges that "the Assignment is *void ab initio* and cannot provide Wells Fargo any interest in the Note or Security Instrument." [14] at p. 3. Smith goes on to make additional allegations as to the securitization of the promissory note:

> a. Upon information and belief, the Note was securitized, pooled, and sold into Ginne Mae Mortgage-Backed Security Pool 00AJ1931CD (Exhibit C), rendering it a regulated security under 15 U.S.C. § 78c(a)(10) . . . and separating it from the Deed of Trust in violation of Section 20 of the Contract, which requires the Note and Deed to remain unified.
>
> b. Regulation Z (12 C.F.R. § 1026.39) requires mandatory disclosure of ownership transfers to borrowers. Defendant failed to disclose:
> 1. The CUSIP number identifying the securitized pool.
> 2. SEC registration documents . . . proving lawful securitization.
> 3. A complete chain of assignment establishing Wells Fargo's authority to enforce the Note.

*Id.* (emphasis omitted).

After Smith defaulted by failing to make payments due under the promissory note, Wells Fargo provided Smith with a notice of default and eventually initiated foreclosure proceedings against him. Smith has never disputed that he defaulted on the loan, but he still attacks Wells Fargo's conduct and, in essence, its authority to take any action against him. He apparently contends that his payment obligations were extinguished because the promissory note and deed of trust did not "remain unified" and the deed of trust is otherwise unenforceable because of the notary issue noted previously. *Id.* In the Amended Complaint [14], he asserts claims against Wells

Fargo for breach of contract, violations of the Fair Debt Collection Practices Act ("FDCPA"), violation of Mississippi Code § 75-24-5, and "declaratory judgment and quiet title." *Id*. at p. 12.[1]

In its present filings, Wells Fargo contends that Smith's claims are meritless and ripe for dismissal.

*Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Ultimately, the district court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the reviewing court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937.

*Analysis and Discussion*

As noted previously, Smith asserts multiple claims against Wells Fargo. The Court will address them in turn.

---

[1] In his Response Memorandum [17], Smith voluntarily withdrew his claim for violation of Mississippi Code Section 75-24-5. That claim is therefore DISMISSED *with prejudice*.

I.      *Breach of Contract*

The crux of Smith's breach of contract claim is that Wells Fargo lacks authority to enforce the terms of the promissory note. This allegation is based upon language in the deed of trust that Smith construes as meaning that the underlying promissory note and deed of trust cannot be severed. He contends that the deed of trust and promissory note were severed, rendering Wells Fargo unable to take any action against him—despite his nonpayment.

Smith's theory is inherently flawed. First, as Wells Fargo points out, the assignment of a deed of trust alone is sufficient to confer the power of sale on an assignee:

> Regardless of the form of conveyance, any deed of trust may confer on the trustee and his or her successors, assignees, and agents the power of sale. If any of the conditions included in the deed of trust are breached, a power of sale is valid and binding under Mississippi law.

*Battle v. GMAC Mortg., LLC*, 2011 WL 12465133, at *3 (S.D. Miss. Dec. 8, 2011) (citation omitted).

Thus, the assignment of the deed of trust to Wells Fargo empowered it to enforce the provisions of the deed of trust upon Smith's failure to make payments as required. In other words, it did not commit any breach by simply initiating foreclosure proceedings based upon Smith's failure to pay.[2]

In reaching this conclusion, the Court also notes that the District Court for the Southern District of Mississippi has previously rejected the "note-splitting" theory that Smith now raises: "Lastly, courts routinely have discredited the theory . . . that a note becomes unsecure when split

---

[2] Although Smith alleged in the Amended Complaint [14] that the assignment to Wells Fargo was invalid due to an issue with the notary not being commissioned in Mississippi, he does not raise that argument in his Response Memorandum [17]. The Court therefore will not address it. *See, e.g.*, *Scott v. Spencer Gifts, LLC*, 2015 WL 4205242, at *1 (N.D. Miss. July 10, 2015) ("In their response, Plaintiffs have made no argument and offered no proof in support of their claims of intentional infliction of emotional distress and failure to train or supervise, and thus the Court finds these theories to be abandoned.")

from a deed; the alleged 'note-splitting' which occurred in this case has no bearing on the validity of the foreclosure sale." *Hunter v. Primary Residential Mortg., Inc.*, 2016 WL 7976042, at \*5 (S.D. Miss. Oct. 18, 2016).

The Court sees no need to address this issue any further. Smith never disputes that he did not make his mortgage payments as required. But he asserts an illogical theory that no adverse action can be taken against him. This is a non-starter, and the Court will dismiss this claim. *See Manning v. Merrill Lynch, Bank of Am.*, 2024 WL 1073043, at \*2 (E.D. Tex. Jan. 17, 2024) (quoting *Starrett v. Dep't of Def.*, 763 F. Appx. 383, 383-84 (5th Cir. 2019)) ("Courts may also dismiss with prejudice 'claims that are clearly baseless, including claims describing fantastical or delusional scenarios.'").

Smith has not stated a plausible claim for breach of contract. That claim is hereby DISMISSED *with prejudice*.

II.   *FDCPA*

Smith also contends that Wells Fargo unlawfully communicated with him in an attempt to collect the debt in violation of the FDCPA. His allegations on this point are wide-ranging. He asserts that Wells Fargo falsely represented that it had authority to collect the debt without producing the required documentation, falsely characterized the debt as "a 'loan' instead of an unsecured 'extension of credit,'" and made "[f]oreclosure threats without standing." [14] at p. 10.

Seeking dismissal, Wells Fargo first asserts that it is not subject to the FDCPA. In a relatively recent case, the Fifth Circuit addressed this issue:

> The provision that [the plaintiff] alleges Wells Fargo violated applies only to debt collectors. *But the plain language of the FDCPA makes clear that a debt collector does not include entities such as Wells Fargo*, which do not have as their principal purpose "the collection of any debts" and which do not "regularly collect or

> attempt to collect, directly or indirectly, debts owed or due or
> asserted to be owed or due another."

*LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 535 (5th Cir. 2016) (quoting 15 U.S.C. § 1692a(6)).

Even setting aside that issue, Smith's theory as to how Wells Fargo violated the FDCPA is its alleged failure to validate the debt as required. However, the documentation attached to Smith's own Amended Complaint [14] illustrates that Wells Fargo *did* respond to his written requests and provide validation. *See* [14], Ex. 7, 8, 10.

The Court need not address this claim any further as it is clearly frivolous on multiple bases. It is hereby DISMISSED *with prejudice*.

### III. Declaratory Judgment and Quiet Title

Lastly, Smith requests a declaratory judgment and asserts that "[b]ecause Defendant cannot establish standing or entitlement, its attempted foreclosure is invalid and creates a cloud on Plaintiff's title." [14] at p. 12. The Court has already explained that Smith's claim that the foreclosure is invalid is inherently flawed and frivolous. Since this claim is based on that flawed premise, it too is ripe for dismissal. The claim is DISMISSED *with prejudice*.

### IV. Additional Matter

Having articulated the reasons why this frivolous lawsuit is subject to dismissal, the Court feels compelled to address an additional issue. In his Response Memorandum [17], Smith cites several fictitious cases. In its Reply [18], Wells Fargo lists those fictitious cases. The Court has independently checked the citations that Wells Fargo referenced in its Reply [18] and confirmed that the listed authorities upon which Smith relies are non-existent.

Because the premise of Smith's entire lawsuit is so inherently flawed, the Court will not expend considerable time on this issue. But it does note that the submission of fictitious legal

authorities, even by a *pro se* litigant, violates Rule 11 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 11(b); *Ferris v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879, 881-82 (N.D. Miss. Apr. 16, 2025) (sanctioning *pro se* litigant for citing nonexistent cases).

Because it intends to dismiss this frivolous lawsuit and Wells Fargo has not sought attorney's fees or other sanctions in connection with Smith's citations to non-existent cases, the Court will take no further action at this time. However, it specifically advises Smith that, should he choose to file an additional lawsuit that is assigned to the undersigned or should he take any further action in this litigation, this Court will not tolerate such conduct any further. This is a serious matter that this Court does not take lightly. Sanctions *will* be imposed for any additional Rule 11 violations.

*Conclusion*

Wells Fargo's Motion to Dismiss [15] is GRANTED. Smith's claims are hereby DISMISSED *with prejudice.*

In resolving this case, the Court has attempted to consider all of Smith's arguments, but his filings are far from a model of clarity. To the extent that the Court has not considered an argument he attempts to raise, it would not have made a difference. This lawsuit is frivolous and due to be dismissed.

A Final Judgment will issue this day. This CASE is CLOSED.[3]

SO ORDERED, this the 25th day of November, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[3] Smith's Motion for Temporary Restraining Order [20] is DENIED as moot. His Motion to Accept First Amended Complaint as Timely [41] is also moot. However, the Court notes that it has considered the substance of Smith's Amended Complaint [14]. In other words, the dismissal is based upon the Amended Complaint [14] failing to state a claim—not being untimely.